IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL SUPER, | : | Civil No. 3:25-cv-631 |
| Petitioner | : | |
| | : | (Judge Mariani) |
| v. | : | |
| WARDEN, FCI-LEWISBURG, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Joel Super ("Super") initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Super alleges that the Federal Bureau of Prisons ("BOP") misapplied his First Step Act ("FSA") credits, improperly set his home confinement date, and failed to refer him to pre-release placement at least 12 months before his FSA placement date. (*Id.*). Although provided an opportunity to file a traverse, Super failed to do so. For the reasons that follow, the Court will dismiss the habeas petition without prejudice based on Super's failure to exhaust the available administrative remedies.

I.    **Background**

Super is serving a 30-month term of imprisonment imposed by the United States District Court for the District of Maryland for his conviction of conspiracy to commit bank fraud and bank fraud. (Doc. 11-2, Declaration of BOP Attorney Austin J. Langon, at 2 ¶ 3;

Doc. 11-3, Public Information Inmate Data). According to the BOP's Inmate Locator, Super has a projected release date of October 30, 2026. *See* https://www.bop.gov/inmateloc/.

The Administrative Remedy Generalized Retrieval reveals that, while in BOP custody, Super has not filed any administrative remedies. (Doc. 11-4, Administrative Remedy Generalized Retrieval).

In his § 2241 petition, Super alleges that the BOP violated his rights by improperly calculating his FSA credits and failing to afford him a total of 12 months of pre-release placement. (Doc. 1, at 6). Respondent filed a response, asserting that the Court should dismiss the petition because Super did not exhaust his administrative remedies before proceeding to federal court and, alternatively, because the petition is without merit. (Doc. 11). The record clearly establishes that Super failed to exhaust his administrative remedies; therefore, the Court does not reach Respondent's alternative arguments.

## II.  Discussion

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241." *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to

grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. *See Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" *Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. *See generally* 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. *See id.* §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. *See id.* § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate

shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. *See id.* An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. *See id.* (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the undisputed record reflects that Super has not filed a single administrative remedy while in BOP custody. (Doc. 11-4). Rather than comply with the Administrative Remedy process, Super bypassed the statutorily mandated procedures and, instead, filed the instant habeas petition in federal court.

Super concedes his failure to exhaust and does not set forth any argument as to why exhaustion should be excused. (Doc. 1, at 2-3). Super has not identified any BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced any argument that would permit this Court to find that exhaustion of administrative remedies would subject him to irreparable injury. Additionally, Super was put on notice regarding his failure to exhaust administrative remedies by Respondent's answer and he had an opportunity to address exhaustion and present arguments on his behalf in his reply. Super chose not to file a traverse.

The Court finds that Super's claim must first be presented to BOP officials and fully exhausted. Because Super did not fully exhaust his administrative remedies before petitioning this Court, and because no exception to the exhaustion requirement applies here, his Section 2241 petition must be dismissed.

## III. Conclusion

Based on the foregoing, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

A separate Order shall issue.

                                               _____
                                               Robert D. Mariani
                                               United States District Judge

Dated: May 21, 2025